CHYTRAUS, HEALY & FROST and EDWIN WHITE MOORE, for plaintiff in error.

RINGER, WILHARTZ & LOUER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1.  HUSBAND AND WIFE, § 8*—*what is nature of liability for family expenses.* Section 15 of the Act relating to husband and wife, J. & A. ¶ 6152, as to family expenses, is in derogation of the common law and enlarges the liability of husband and wife, either jointly or severally, for family expenses, and such liability is not dependent upon an authorization by the party sought to be held liable.

2.  HUSBAND AND WIFE, § 8*—*what is meaning of term "expenses of the family."* The term "expenses of the family" as employed in section 15 of the Act relating to husband and wife, J. & A. ¶ 6152, is not synonymous with "necessaries."

---

## Lawndale Steam Dye Works, Appellee, v. Chicago Daily News Company, Appellant.

### Gen. No. 19,210.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed November 25, 1914.

### Statement of the Case.

Suit by the Lawndale Steam Dye Works against Chicago Daily News Company to recover damages to plaintiff's delivery automobile occasioned by a collision with defendant's motor truck, alleged to have been negligently operated by a servant of defendant. There was a verdict and judgment against defendant for five hundred dollars, and it appealed.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MATZ, FISHER & BOYDEN, for appellant.

MAX· KRAUSS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*what evidence as to collision is admissible.* In an action for damages to an automobile caused by a collision with a motor truck, statements made by servants of the defendant from two to five minutes after the collision occurred to the effect that the brakes of the motor truck were out of order and they could not stop it, that they had seen the driver of the plaintiff's automobile hold out his hand as a signal that he was going to turn, and that the motor truck was going at the rate of forty miles an hour, were merely narratives of completed past events and were not a part of the *res gestae,* and the admission of such statements as evidence was erroneous and prejudicial, the question as to negligence and contributory negligence being closely conflicting.

2. AUTOMOBILES AND GARAGES, § 3*—*what damages are recoverable in case of collision.* In an action for damages to an automobile caused by a collision with a motor truck, the proper measure of damages was the cost of the repairs necessary to be made on the plaintiff's automobile, and the reasonable value of the loss of the use of it while being repaired.

3. INSTRUCTIONS, § 20*—*when cautionary instruction may be given.* The giving or refusing of an instruction cautionary in character is largely within the discretion of the trial court.

---

## Harry C. Moir, Defendant in Error, v. Austin H. Hart, Plaintiff in Error.

### Gen. No. 19,233. (Not to be reported in full.)

Error to the Muncipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.